UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA                CRIMINAL NO. 16-cr-00212

VERSUS                                  JUDGE FOOTE

TOM McCARDELL                           MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Tom McCardell ("Defendant") is charged with an illegal kickback scheme [42 U.S.C. § 1320a-7b(b)] wherein he allegedly agreed to pay a third-party compensation in exchange for recruiting and referring individuals to a mental health facility in Shreveport, Louisiana. Before the court are several motions filed by Defendant.

**Motion to Strike Surplusage (Doc. 19)**

Defendant asks the court to strike several portions and paragraphs of the indictment. The challenged provisions, and Defendant's objections, are summarized below:

Paragraphs 1 & 2: The grand jury provides background information regarding the activity prohibited by the Anti-Kickback Statute as well as the purpose of the statute. Defendant argues that the Government's description of the statute is not accurate because the Government did not state that the act must be knowing and willful. Defendant also challenges as surplusage the second sentence of paragraph one, where the Government sets forth the reason why Congress passed the Anti-Kickback Statute. Defendant argues this adds nothing to the indictment except to inflame the jury against Defendant.

<u>Paragraph 3</u>: The grand jury provides a brief explanation of the Medicare program. Defendant argues that this information has no place in the indictment, and its only purpose is to inflame the jury.

<u>Paragraph 6</u>: The grand jury explains that claims for treatment for mental illness and substance abuse procured through impermissible patient recruitment, referrals, bribes, or kickbacks submitted to Medicare are not entitled to payment. Defendant argues that this information was inserted only to inflame the jury.

<u>Paragraph 8</u>: The grand jury explains Defendant's role in the operation of Physicians Behavioral Hospital. Defendant argues that the statement is not correct and constitutes a fact that must be proven by the Government at trial.

<u>Paragraphs 9 - 12</u>: The grand jury outlines the kickback scheme Defendant allegedly used. Defendant argues that these facts that must be proven at trial. Defendant argues that it could mislead the jury if these allegations are given to the jury during the deliberations.

**Law and Analysis**

Federal Rule of Criminal Procedure 7(d) provides that, upon the Defendant's motion, the court may strike surplusage from the indictment or information. However, the striking of surplusage is not required, as surplusage in the indictment may generally be disregarded where the charge is not materially broadened and the accused is not misled. <u>United States v. Quintero</u>, 872 F.2d 107, 111 (5th Cir. 1989). The level of proof required to strike surplusage from an indictment is exacting. <u>United States v. Bullock</u>, 451 F.2d 884, 888 (5th Cir. 1971).

For language to be struck from an indictment, it must be irrelevant, inflammatory, and prejudicial. United States v. Graves, 5 F.3d 1546, 1550 (5th Cir. 1993). A court may strike as prejudicial the inclusion of clearly unnecessary language in an indictment that could serve only to inflame the jury, confuse the issues, and blur the elements necessary for conviction under the separate counts involved. Bullock, supra, at 888. However, where information in an indictment is sufficiently relevant to the charged offense, the court should not strike it, no matter how prejudicial it may be. United States v. Solomon, 273 F.3d 1108 (5th Cir. 2001).

Defendant has not shown that the information he seeks to strike is irrelevant, inflammatory, and prejudicial. The district judges in this court routinely instruct the jury that the indictment brought by the Government against the defendant is only an accusation, and nothing more. Furthermore, the information set forth in the indictment is relevant to provide appropriate contextual information regarding the offenses charged.

With regard to Defendant's contention that the grand jury failed to allege in Paragraph 1 that Defendant acted knowingly and willfully, the court notes that Defendant has not filed a motion to dismiss the indictment for failure to include necessary allegations. Indeed, other portions of the indictment specifically allege that Defendant acted knowingly and willfully. See Doc. 1, Para. C 13. Furthermore, both parties likely will submit proposed jury instructions that accurately set forth all of the elements the Government will be required to prove at trial beyond a reasonable doubt.

Accordingly, Defendant has not met his exacting burden to strike any portion of the indictment. The **Motion to Strike (Doc. 19)** is **denied**.

**Defendant's Discovery Motions (Docs. 14 & 15)**

Defendant has also filed two **Motions for Discovery. Docs. 14 and 15**. The first motion is a fairly straightforward motion for discovery under Rule 16. The motion is **denied as moot** for the following reasons.

- Defendant has been provided with copies of two "reports of interview" completed by the case agent summarizing telephone interviews of Defendant.

- The Government represents that it is not aware of any prior criminal history for the Defendant to be produced.

- Defendant has already received copies of the canceled checks that the Government contends are the illegal kickback payments, as well as Vander Himmons' Employment Agreement.

- The Government represents that it will produce (if it has not already done so by this writing) a copy of Vander Himmons' employee file, the medical records of third-party individuals in the Government's possession, and the pertinent bank records of Vander Himmons.

- The Government represents that it will provide Defendant with copies of its exhibits in accordance with the Scheduling Order.

- The Government represents that it does not have possession of and is not aware of any reports of examinations or tests.

- The Government does not intend to produce expert testimony at this time, but does intend to present summary testimony by the lead case agent.

- The Government represents that it will provide witness statements and Jencks Act approximately one week before the trial.

- The Government has already made available for Defendant's review summaries of the law enforcement interviews of third parties.

- The Government is not aware of any exculpatory evidence.

- The Government represents that it will provide the criminal history of Government witnesses as required in the Scheduling Order.

- With regard to Defendant's admissions, the Government is not required to provide pretrial notice under Rule 802(d)(2).

**Defendant's Second Request for Discovery**

Defendant seeks the entire employment agreement between Physicians Behavioral Hospital and Vander Himmons. The Government represents that it will turn over the entirety of Vander Himmons' employee file that it has in its possession and that was maintained by Physicians Behavioral Hospital. Accordingly, Defendant's Second Motion for Discovery is also denied as moot.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 21st day of November, 2016.

Mark L. Hornsby
U.S. Magistrate Judge