UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 16-00212 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| TOM MCCARDELL | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM ORDER

Before the Court is a "Motion And/Or Notice Of Appeal Of Denial of Motion To Strike Surplusage Portion Of The Indictment," filed by the Defendant Tom McCardell. [Record Document 31]. Although erroneously filed as an appeal to the Fifth Circuit Court of Appeal, this is actually an appeal of a ruling issued by Magistrate Judge Hornsby wherein he denied the Defendant's motion to strike. See Record Documents 19 & 27. The Government opposed the Defendant's motion to strike [see Record Document 24] and informed this Court it intended to rely upon that opposition rather than respond to the instant appeal. For the reasons that follow, Magistrate Judge Hornsby's order denying the motion to strike surplusage is **AFFIRMED**.

I.   Background.

The Defendant's motion to strike surplusage, referred to and decided by the Magistrate, sought to strike various terms and/or provisions contained in nine paragraphs of the Indictment. These were set forth and discussed by Judge Hornsby in his ruling. The only provision subject to the instant appeal is the first sentence of Paragraph 1, which states:

> The Anti-Kickback Statute, Title 42, United States Code, Section 1320a-7b(b) prohibits any person or entity from making or accepting payment, in cash or

in kind, to induce or reward any person for referring, recommending or arranging for federally funded medical services.

Record Document 1, p. 1. Defendant's chief concern with this sentence is that it does not contain the terms knowingly and willfully, both of which are included in the statute itself. Defendant contends the omission of knowingly and willfully is prejudicial, inflammatory, and blurs the elements of the offense. Defendant submits that the erroneous omission of these terms requires that this sentence be stricken in its entirety or amended to include the terms.

As mentioned above, the Government rests on the previous opposition it submitted when this issue was pending before Judge Hornsby. However, the Court notes that that opposition failed to address the matter raised in the instant appeal-- the omission of the terms knowingly and willfully from the first sentence of the Indictment. Thus, for all intents and purposes, the Government has remained silent on this issue, both before the Magistrate and now before this Court on appeal. Nonetheless, after due consideration, the Court finds that both the striking of the first sentence and amendment of the Indictment, addressed separately below, are unwarranted.

II.     Law and Analysis.

The Fifth Circuit has held that "the inclusion of clearly unnecessary language in an indictment that could only serve to inflame the jury, confuse the issues, and blur the elements necessary for conviction surely can be prejudicial." United States v. Bullock, 451 F.2d 884, 888 (5th Cir. 1971). Federal Rule of Criminal Procedure 7(d) allows a court to delete immaterial, irrelevant, and inflammatory language contained in an indictment. The

striking of surplusage is not required, as "surplusage in an indictment may generally be disregarded where the charge is not materially broadened and the accused is not misled." United States v. Trice, 823 F.2d 80, 89 n.8 (5th Cir. 1987) (citations omitted). The level of proof required to strike surplusage from an indictment is "exacting." Bullock, 451 F.2d at 888. "Where information in an indictment is sufficiently relevant to the charged offense, the court should not strike it, no matter how prejudicial it may be." United States v. Solomon, 273 F.3d 1108, *2 (5th Cir. 2001).

With these legal precepts in mind, the Court does not agree that the first sentence, when reviewed without the terms knowingly and willfully, is surplusage. The language is provided as background information. It is neither inflammatory nor prejudicial. It does not blur the elements of the offense, which are clearly set forth in Section C, the "Offense" section of the Indictment, which is where Counts 1 through 14 are charged. Indeed, in that section, the Indictment states: " . . . TOM McCARDELL, did knowingly and willfully pay a remuneration, that is a kickback, directly or indirectly, overtly or covertly, in cash or in kind to a person, G.H., to induce such person to refer an individual to PBH for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part under a Federal health care programs [sic]." Record Document 1, p. 4. Following that allegation, each count specifically enumerates the date and amount of the payment allegedly made to G.H. See id. The section concludes by stating that the charged counts are "in violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A)." Id. at p. 5.

Thus, the Indictment sufficiently alleges the means by which the Defendant committed the charged offense, the dates of the alleged crimes, the statute allegedly violated, and the elements of the offense. The omission of the terms knowingly and willfully in the background section does not render this Indictment inflammatory, prejudicial, or constitutionally infirm. This Indictment satisfies all of the necessary requirements-- it alleges every element of the crime charged in such a way as to allow the Defendant to prepare his defense and invoke the double jeopardy clause in a subsequent matter. See United States v. Ramos, 537 F.3d 439, 459 (5th Cir. 2008). Accordingly, striking of the first sentence is unwarranted.

The next question is whether the Court may amend the Indictment to add the terms knowingly and willfully, as the Defendant suggests. The Defendant cites no legal authority for this proposition, probably for good reason, as there is no authority that would permit the Court to take this action. Indeed, there is a criminal rule allowing for the striking of surplusage (Rule 7(d)) and a rule that permits the government to amend an information (Rule 7(e)), but there is no such rule allowing the Court to amend an indictment. "The Fifth Amendment guarantees that a criminal defendant will be tried only on charges alleged in a grand jury indictment. The indictment cannot be broadened or altered except by the grand jury." United States v. Arlen, 947 F.2d 139, 144 (5th Cir. 1991) (internal marks and citations omitted); see also United States v. Ramirez, 670 F.2d 27, 28 (5th Cir. 1982) ("It is reversible error per se to amend an indictment without resubmission to the grand jury,

if it is possible that the accused will be tried and convicted of a crime other than that alleged in the indictment.").

In the instant case, the requested amendment constitutes a substantive modification of the Indictment presented to the Grand Jury, which this Court cannot alter, even if the proposed amendment does not vary the charges against the Defendant. See United States v. Gonzalez-Figueroa, 590 F. App'x 404 (5th Cir. 2014). Furthermore, the addition of the requested language is not necessary, as the elements of the offense are sufficiently set forth in the charge itself. The omission of the terms knowingly and willfully in the background section of the Indictment is not fatal. The Court is not permitted to add those terms to the Indictment, even if, assuming arguendo, their inclusion is a more correct statement of the law. "The test . . . is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." United States v. Gordon, 780 F.2d 1165, 1169 (5th Cir. 1986). This Court lacks authority and therefore declines to amend the Indictment to add to the first sentence the terms knowingly and willfully.

Accordingly, as set forth above, Magistrate Judge Hornsby's denial of the motion to strike surplusage is **AFFIRMED**.

**THUS DONE AND SIGNED** this _17th_ day of January, 2017.

ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE